**Gert KIEP and Sandra Kiep, Plaintiffs,**

v.

**Lawrence TURNER, individually, Turner Management, a Hawaii Corporation, TMC, Inc., a Hawaii Corporation, Defendants.**

**Civ. No. 86–0410.**

United States District Court,
D. Hawaii.

Sept. 28, 1987.

2. The confirmed plan in this case provides for payout to unsecured creditors of approximately 16 cents on the dollar.

James M. Dombroski, Wailuku, Hawaii, Richard S. Kawana, Honolulu, Hawaii, for plaintiffs.

Lawrence E. Turner, pro se.

## ORDER AFFIRMING MAGISTRATE'S ORDER DENYING PLAINTIFFS' MOTION FOR WITHDRAWAL OF REFERENCE

SAMUEL P. KING, Senior District Judge.

Gert and Sandra Kiep commenced this action against Larry Turner, Beverly Nina Nelson, Lawrence Robert Corell, Turner Management Corporation, and TMC, Inc., alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, (RICO). The RICO claim is grounded on allegations that Turner fraudulently persuaded the Kieps to invest in Maui Beachfront Rentals in 1981, and that he had similarly defrauded investors in 1978 or 1979. In addition, the Kieps allege Turner has committed bankruptcy fraud and mail fraud.

Prior to filing this RICO action, the Kieps filed an action in the Hawaii State Circuit Court for the Second Circuit against Lawrence Turner, his wife, Michele Turner, Turner Management Corporation, TMC, INC., and Maui Beachfront Rentals. The Kieps framed the following state law claims: (1) attempt to monopolize in violation of Hawaii Revised Statutes (H.R.S.) § 480–9; (2) unlawful use of interlocking directorates in violation of H.R.S. § 480–8(c); (3) unfair competition in violation of H.R.S. § 480–2; (4) restraint of trade in violation of H.R.S. § 480–4(a); (5) a shareholder's derivative action for ouster of plaintiffs and reduction of stock value; (6) a shareholder's derivative action for diversion of corporate funds to a competing business controlled by defendants; (7)

breach of fiduciary duties; and (8) fraud in the inducement.

In March of 1987, the Turners filed a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Hawaii. Upon motion of the Kieps, the state court action was removed to the Bankruptcy Court as an adversary proceeding. The Kieps now wish to have this court withdraw the adversary proceeding from Bankruptcy Court and consolidate the action with the pending RICO action.

Towards that end, the Kieps filed a Motion for Withdrawal of Reference on April 7, 1987, which was heard by Magistrate Tokairin and denied by order filed June 5, 1987. On June 15, 1987, the Kieps filed a Motion for Reconsideration of the Motion for Withdrawal of Reference, and Magistrate Tokairin again denied the Motion by order filed August 25, 1987. The Kieps have now put the matter before this Court by filing, on September 3, 1987, an Appeal from Magistrate Tokairin's orders.

## I.

### TIMELINESS OF APPEAL FROM MAGISTRATE'S ORDER

Turner has raised an objection to the timeliness of the Kieps' appeal of Magistrate Tokairin's denial of the Motion. A party has ten days within which to appeal a magistrate's ruling. Fed.R.Civ.P. 72; Rule 404, U.S.Dist.Ct.R., Dist. of HI.

■ Rule 4(a)(4), Federal Rules of Appellate Procedure, provides that if a party files a timely motion under Fed.R.Civ.P. 59 to alter or amend a judgment, the time for appeal from the judgment shall run from the entry of the order denying the Rule 59 motion. While Rule 4 ordinarily applies to appeals from a district court to a court of appeals, it is a logical rule to apply to an appeal from a magistrate to a district court judge in absence of a more specific rule.

■ In this case, the Kieps brought the Motion for reconsideration pursuant to Fed.R.Civ.P. 59, which in relevant part provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Thus,

if the Kieps served their Motion for Reconsideration not later than ten days after Magistrate Tokairin denied their Motion for Withdrawal of Reference, and then filed their Appeal from Denial of Motion for Withdrawal of Reference within ten days of the entry of Magistrate Tokairin's Denial of the Motion for Reconsideration, then their appeal is timely.

Magistrate Tokairin's Order Denying Plaintiffs' Motion for Withdrawal of Reference was filed June 5, 1987. Ten days later, on June 15, 1987, the Kieps filed a Motion for Reconsideration of the Motion for Withdrawal of reference. The hearing on the Motion to reconsider was held on July 27, 1987, at which time Magistrate Tokairin denied the Motion. The Kieps prematurely filed an Appeal from the Magistrate's Order on August 14, 1987, before an order on the Motion to Reconsider had been filed. On August 25, 1987, Magistrate Tokairin entered the Order Denying Plaintiffs' Motion for Reconsideration. Within ten days, on September 3, 1987, the Kieps filed an Amended Appeal from Magistrate's Order. Therefore, the appeal is timely.

## II.

### STANDARD OF REVIEW

■ Where a magistrate's order concerns a nondispositive matter, this Court must set aside any portion of the order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); Rule 404–1, U.S. Dist.Ct.R., Dist. of HI.. Where the matter is dispositive, however, this Court must review the motion *de novo*. Fed.R.Civ.P. 72(b); Rule 404–2, U.S.Dist.Ct.R., Dist. of HI.

■ Whether an order denying withdrawal of reference is dispositive or nondispositive for purposes of district court review of a magistrate's order is an issue of first impression. Generally, if a motion involves a determination of the merits of the case, or it does not involve a collateral matter, or it is critical in shaping the nature of the litigation, courts will treat it as

dispositive. *See* 12 Wright & Miller, *Federal Practice and Procedure*, § 3706.5, p. 38 (Supp.1987).

In this case, the motion for withdrawal of reference merely concerns which court/judge will hear the Kieps' state court causes of action. The motion has no bearing on the merits of the claims, nor on the parties, nor on the applicable law. Therefore, the motion is a nondispositive matter, and the clearly erroneous or contrary to law standard of review applies.

## III.

### WITHDRAWAL OF REFERENCE

Title 28, United States Code, Section 157 provides for reference by the district court to the bankruptcy court of all cases under title 11. It also authorizes the bankruptcy court to hear related adversary proceedings. Subsection 157(d) governs withdrawal of proceedings from the bankruptcy court to the district court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section ... for cause shown. The district court shall ... so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The Kieps argue that withdrawal of reference is mandatory in this case. Turner points out that withdrawal is mandatory only where the proceeding involves determination of federal law, while the adversary proceeding involves only state law claims. The Kieps respond by reasoning that because their state antitrust claims will be resolved by analogy to federal antitrust law, the adversary proceeding does involve determination of federal law. I disagree: looking to federal law for guidance is very distinct from being bound to follow federal law and from creating federal legal precedent. Magistrate Tokairin did not commit clear error in rejecting this argument.

The Kieps also argue that withdrawal of reference is desirable in the interest of judicial economy. Assuming, without accepting, that this is true, withdrawal of reference is not mandated by law whenever it would be judicially expedient. Thus, Magistrate Tokairin did not commit clear error in rejecting this argument.

## IV.

### FRAUD UPON THE COURT

Turner has alleged that the Kieps have committed fraud upon the court, and asks that sanctions be imposed. Turner's allegations arise out of confusion caused by the existence of two motions for withdrawal of reference, the second pertaining to an entirely distinct proceeding in the Turner's bankruptcy case. The second motion was filed July 10, 1987, and was denied by Magistrate Tokairin on July 27, 1987, at the same hearing that he denied the Kieps' request for reconsideration of the first motion. On August 25, 1987, written orders, drafted by counsel for the Kieps, reflecting the July 27 rulings were filed.

Turner has confused the Order denying the second motion as an attempt by the Kieps to refile the Order denying the first motion in order to buy more time within which to appeal from that first motion. Thus, he accuses the Kieps of fraud upon the court. His accusation has no merit.

## V.

### CONCLUSION

IT IS HEREBY ORDERED that Magistrate Tokairin's Order Denying Withdrawal of Reference, entered June 5, 1987, is AFFIRMED.

IT IS HEREBY FURTHER ORDERED that Turner's request for sanctions is DENIED.